Van Brunt, P. J.
—There does not seem to be any ground for interference with the order of the court below because of the misrepresentations claimed to have been made at the .sale.
The objection of the purchaser, however, that the premises are in the possession of a tenant under a lease for five years who is not a party to the action, seems to be fatal to the right of the court to compel him to complete.
*968 The purchaser is not bound to take the title unless he can be put into possession under the decree of sale.
In the case at bar the party in possession is not a party to the action, and is not bound by the provisions of the decree.
The purchaser to obtain possession must bring ejectment, in order to oust this tenant.
It is no answer to this objection that the lease under which the tenant holds possession was not made by any person having authority in law or otherwise to make it, and was therefore void.
The tenant has the right to be heard upon this question and a purchaser should not be compelled to take title and then be called upon to fight for the possession with a possessor not a party to the action and therefore, not bound by the decree.
The parties who conducted this action could easily have obviated this difficulty by making the person in possession a party to the action, which should always be done in foreclosure and partition.
_ If the tenant has been a party, the purchaser could have ejected him at once by virtue of the provisions of the decree requiring possession to be surrendered.
The purchaser however in the case at bar cannot obtain possession except by independent proceedings and he is not bound to run the hazard of defeat in such proceedings neither is he bound to incur the expense.
It is urged that the tenant being merely a squatter he could be ejected summarily under subdivision 4 of section 2232 of the Code.
_ This devolves the burden upon the purchaser to establish the fact that the tenant is merely a squatter by independent proceeding, which task he is not bound to undertake.
A purchaser must be able to get possession by virtue of the decree and if independent proceedings are necessary he should not be required to take.
The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion made, denied.
Daniels and Brady, JJ., concur.